Our next case for argument is United States v. Garmany May it please the Court, Linda Boone for the United States. Good morning. I'd like to reserve three minutes for rebuttal. Get that mic down a little lower and right in front of you. Is that better, Your Honor? That's better. Thank you. Yes, Your Honor. The sentencing in this case violated nearly every rule on sentencing that this Court has handed down over the last decade. In a published opinion, the District Court specifically rejected valid Ninth Circuit law, which was on point, and instead adopted Seventh Circuit law, which has been rejected by this Court and which the Seventh Circuit itself acknowledged was in violation and conflicting with the Ninth Circuit law. Now, I decided the opinion in contrarious. Yes, Your Honor. How do you distinguish that case from this one, except in that case we sided with the government? Yes, we did. Your Honor, what the distinction that the defendant and the Court failed to make was that in contrarious, the Court specifically found that the sentence, the entire sentence, was illegal because it was so internally inconsistent that one sentence was being required, if you read it the way it was written, one sentence would have been required to be served twice because one was concurrent and one was consecutive. So contrarious supports the government's argument. Contrarious says that the illegal portion of the sentence is properly vacated and resentenced because there the entire sentence was found illegal. That is not the situation that we have here. Rule 35, the old Rule 35, which governs in this case, is bound by this Court's Kennedy-Jordan line of cases. The district court acknowledged that, but the district court rejected that argument and refused to even comment or acknowledge the government's argument that the posture of the case here was different. This is a rule, old Rule 35 case, and the Ninth Circuit rules, excuse me, the Ninth Circuit case law says that the Court may only correct that portion of the sentence which it finds illegal. The only thing found illegal by the Court was, regarding count one, the possibility of eligibility for parole. Absolutely nothing else. You know, it's a very odd case in that apparently under the rubric at the time that he was sentenced, ordinarily he would have been up for parole on everything. Yes, Your Honor. Do you agree with that? Yes, Your Honor, and that was part of the confusion of the district court, which the government repeatedly tried to explain. So we really have a situation, how do we correct it? He should have been up for parole a long time ago. That's right, Your Honor, and if the district court had followed the suggestion of probation and the government, we would have had a formal calculation by the Bureau of Prisons presented to the district court, but that was one of the problems. The district court did not want to consult with the Bureau of Prisons. I've tried to give this court a flavor for the district court's sort of attitude. I hate to use that word, but it's hard to understand. I'm just trying to go back as to what would really happen because when he's sentenced originally, it's clear that the court has in mind that he's eligible for parole, and his parole eligibility extends to the entire list of violations, correct? Yes, Your Honor. Okay. But. Okay. But on count number, I guess it's one. One. The way it's written up, of course, under the rules of the time, he's not eligible for parole. So if he's not eligible for parole on that, which is a life sentence, ergo he's not eligible for parole on any of the other underlying sentences, correct? That is correct, Your Honor. So why isn't, in effect, I mean, this is so weird. I think, why isn't, in effect, that whole sentence illegal because the illegal sentencing on count one knocks out the permissible sentencing on the other counts as well, making everything illegal? It doesn't knock out the permissible sentencing on any of the other counts, Your Honor. But the other counts are supposed to have parole. You can never get parole because number one never lets you get past it. Your Honor, that is correct. But what the district court refused to consider is that the Bureau of Prisons could have calculated where his parole eligibility was, and the district court ignored the fact that he was not even to begin serving his Arizona sentences until he had completed his 20 years on his Alabama sentence. So that was ignored. He would not have even begun serving his Arizona sentence until approximately 98 or 99. We don't have the exact figures. And so he... Let me ask you a question. Did he serve the total Alabama 20-year sentence? Yes, he did, Your Honor. And no matter what calculations we want to use, at some point it was 98 or 99, he would have completed his 20-year Alabama sentence and the Arizona sentence would have begun. So effectively he only served approximately eight years on his Arizona sentences, for which he had received life plus 55 years. And the district court here made no reasoned explanation. There is a totally insufficient explanation on the record for this court to determine the basis for the decision. Well, let me go back to the Alabama sentence. Yes, Your Honor. You've clarified that. It seems that the district judge made reference that he wasn't sure where it was. Am I correct? He didn't know where it was or where it ended up. That is correct, Your Honor. So no determination was made by the district court of Alabama. The district court refused to acknowledge. Information was supplied by the Bureau of Prisons. Information was supplied by the probation office. Information was supplied by the government. The district court refused to make any findings regarding the calculation of the sentence. And, in fact, on the record said that it didn't want to consult with the Bureau of Prisons. But if the court will remember, I added a little footnote about after the constant complaints from the government, then the district court said, well, I have now consulted with the Bureau to get that ghost of Benko off the record. But, in fact, the district court still never made any findings. So it has compounded and compounded. What findings, okay, what findings do you think the district court should have made? The government believes that the district court should have made findings regarding the calculation of the defendant's sentence that had been served by the Bureau of Prisons. The government the The sentence served on the federal On all sentences. Because then it would have had a calculation, a formal calculation of when the defendant had completed his Alabama sentence and would have begun his Arizona sentence. It's approximately eight years. And from then, the district court could have had a calculation of when the defendant would have come up for parole eligibility. The government sought to have this. When would that have been, in your view? I believe it was 2012, Your Honor. I believe. Okay. Supposing that the district judge would have made a simple change. He would have said, well, I'm going to change this sentence from parole ineligible to parole eligible and let the parole board decide. Your Honor, that is exactly what the defendant asked for. That is exactly what the government agreed to, and it would have been And then we wouldn't have even needed to have all these findings. We just would have changed Absolutely, Your Honor. And the parole board would have made the calculations. Absolutely, Your Honor. The government believes that that is what should have been done in this case. But the court did not want to address those issues raised by the government. The court was completely result-oriented and wanted to release the defendant immediately. In fact, the government It seems, and maybe I'm wrong, but kind of trying to understand all this and reading all this. It is a little complex. It seems that the reason for this is if you take out the Alabama sentence, then as I read it, he's saying, look, he's been in here all these years, and when his 10 years rolled around for parole eligibility, he never got a hearing. And so he constantly is up against this barrier. And on this sentence, the one that we're talking about, one plus all the other The Arizona sentence. The Arizona sentence, he probably would have been out of here by now, so I'm going to let him out. I mean, that's how I read it. I believe that is what the district court here was saying. But the district court in doing that was ignoring the fact that the Alabama sentence was to be served first, and the Arizona sentence was ordered to be served consecutive to that. So the district court did not even follow the Seventh Circuit law as it purported to do, because the Seventh Circuit case of Shue said that you should sentence according to the original sentencing court intent. Obviously, the original sentencing court intent was that all those sentences be consecutive to each other. My time is running out, Your Honor. I would like to reserve some for rebuttal. The court has no other questions. Thank you. Thank you. Thank you. Good morning, Your Honor. This is Mark Page for Mr. Darmody. There's a huge statute that's being overlooked. There are facts that are being overlooked by the government. The statute is 4205A, as existed then. That says we aggregate sentences. And it's not just the sentences you got on this day. It's all your federal sentences. You go into federal custody, and you're in a federal prison. You're doing some other federal prison sentence. You aggregate all those sentences. You put them together. You add them up. And you say, here's your one-third date when you're parole eligible. Here's your two-thirds, so-called mandatory release date, when everybody gets released at that point unless there's really extreme circumstances. So this idea of saying, well, we have to figure out when the Alabama sentence ends, is not accurate. But is there any facts in this record to suggest that this idea about parole eligibility or parole incarceration length, as determined only by the probation officer, is where I find it in the record, that they even applied this to the Alabama sentence? Okay. I'm sorry. My worry is we sent or the district court took this back with the full idea they were trying to do what they should have done based on the old law. And they did it based on what the government and the probation officer were saying at the time. And it was my understanding that the probation officer at the time said that the person would be parole eligible, probable incarceration length of 15 years on this sentence. We're not talking Alabama sentence. We're talking the sentence imposed by the judge in this particular case. I don't find anything in the record that would suggest that that calculation involved Alabama at all. If there is, show me in the record where that is. Your Honor, in my, in the appellee's supplemental excerpts of record at page one, it looks like, we have a progress report dated 3394 that says that his projected release date is January 21st, 1996. And it lists everything there. It references the CCE. It references the conspiracy distribution of controlled substance, the extortion. It starts with a conspiracy. Does that include Alabama? It does not. I believe it does. I believe the conspiracy to possess with intent to distribute marijuana. That's the first. That's the one that's the continuing. That's the first one, count one. Conspiracy to distribute and possess with intent to distribute marijuana, cocaine, and methoqualone. That's also Alabama. Okay? That's what he's convicted for in Alabama. Does it have two times there? As I understood it, that was count one. And that's what he was referencing in that particular situation. I don't know that with respect to this progress report. You know what? That's precisely the problem. Can I just explain? Clearly there is a problem with the sentence that was issued because of the parole issue. However, what we don't seem to know here, the government has the view that you serve out the 20 years on the Arizona sentence. Your view is that under 4205A, which was the provision in effect at the time, as I'm understanding, that these get merged and then you figure out the parole eligibility of 10 years back on the life and then you figure out what the eligibility is. So it seems to me that when I hear this, we don't know the answer to that question. And having the parole people come in and calculate this would give us an answer. We could then say, well, as a matter of statute, that's a misunderstanding or that's an accurate understanding. But I kind of feel like here in the court of appeals we're shooting in the dark on the Alabama sentence because I see what the judge did. I just don't know if what he did is legally accurate. And if we had a probation explanation or report to go along with this, all we have is really the pre-sentence report and then the pre-sentence report. So I don't know if that's what he did. But we don't know where does Alabama come in because there are the same statute was used in both of the convictions. So now maybe you can get me out of this hole, but that's where I am now because I've read and reread this thing and I keep coming back to how do these probation people, parole people calculate this. And I don't know. Well, one way to get out of the hole, Your Honor, is that the cases, the case law on the issue of do we determine parole on this offense, then on that offense, and then on that offense, say no, we don't. The BOP guidelines themselves say we don't do it that way. We put them all together. Statute 18 U.S.C. 4161 that existed at that time says you put them all together. And there are cases that say you add them all together. So what was the objection then to putting it all together and having the parole or probation people tell us what all that meant? Well, a number of objections, I suppose. First of all, the government has their burden to produce whatever it is they want at the sentencing hearing. They could have brought in a sentencing expert to do exactly that, first of all. Secondly, it's not a question of what sentence he should get. It's a question of by law a correction needs to be made here. The question is as a matter of law what correction needs to be made. So I don't think you need a sentencing expert. You need a judge. You need the statutes. And then you need the probation information or parole, whatever you want to call it. Well, I thought you were talking about the computations themselves and how those computations work. Because the second aspect of that is every time you call the Bureau of Prisons or the Parole Board, I called them both, made a record of that, you get different numbers. And you saw in my arguments those numbers range anywhere from 2004 to 2030-something. Nobody over there knows what's going on because they just plug in different variables and they make it up. And nothing is official. The BOP says, and I talked about it at the district court level so it's in the record, Dawn Giddings is her name, says that the problem with all these numbers is they're made up,  and then it comes to the BOP to do a computation then. Then they go back and they look at everything and they try to figure out exactly what a person's computation could be. So the idea of consulting them in advance and getting a real number, a number that can be faked. He was there. He served 27 years. Yes, he did. And yet that's ‑‑ It really makes no sense to me. And the difficulty I have are really two things. One, you know, if I were here de novo and saying does this seem fair at this point, I might say, yeah, given how many years he's been in prison and all that, it seems, you know, fair. But I don't know about this Alabama sentence. I'm still left, you know, you're telling me, okay, if I go to the cases, I'll see that it's merged. But then I have the district judge saying he doesn't know and doesn't seem to be factoring it in. So that's why I'm having a little disconnect, you see what I'm saying? Because I read that in Judge Carroll's language. He's kind of saying, well, I don't really know. I'm not going to find out. The government might be wrong. Let's say the government is wrong and you're right and everything is merged. So then Judge Carroll is making a decision based on those ‑‑ that legal landscape. That seems to be different than what he did. Well, first of all, I want to be careful. I'm not necessarily saying they're merged. What I'm saying is they're aggregated. I suppose it's kind of the same thing. You add them all together and you say, oh, well, that's 55 years. So you're eligible in one‑third of that time, which would be whatever it is, 18 or so. So there ‑‑ What is it? What's what? What is it if it's, whether you call it aggregated or merged, what's the big number? Well, it depends. 20 plus this plus that plus. Well, the ‑‑ I mean, you know, that just underscores my discomfort here. Well, and I think that comes back to how the case is postured and came here in the first place. And that is the authority of the district court to unbundle the sentence package. As Your Honor was asking earlier, how is it that you can assume that this due process violation here, where they thought all of these were going to be parole eligible and they were all being aggregated, now one of them is not and the biggest one is not, how that doesn't affect the rest. And it's not as simple as just saying send it back to the parole board and say parole eligible. Because the answer is going to be the same as it's been for the last ten years. Mr. Garmany believed from this report. Well, just a minute, counsel. Since you want to take that up, why isn't it just as simple as doing that? Because it seems to me that if you go back and say parole eligible rather than parole ineligible, then at that point you're back to the parole board to make the decision as to when he is eligible. He may be eligible right now, we don't know. They make that decision, and at that point, the district court doesn't have to get involved in realigning fair, real, allowable sentences based on suggesting that this is just a garbage and that we can't make it all out. So we're going to just try to re-sentence all over again. If he had just said parole eligible and had gone back to the parole board, the parole board would have determined eligibility, and if you didn't like it, you could lump it. Or you could say I will appeal now what your determination is. So that we'd have something in front of us that made a difference. Your Honor, because that would be the exact same error that was made in 1985. In 1985, he was sentenced, and the judge said parole eligible. And when 1996 came up... The problem was the judge said it, but the statute didn't. So now you have kind of, we're like in a new world now, okay? And it's possible, I mean, I can see one variation on the theme, and that is he's parole eligible, and then a calculation is made. On the basis of that calculation, it's still possible that the judge could say, well, even in light of that, because of the timing, and I don't even know what the dates are, see, but the judge could say because of this timing and because of this hindrance of no parole eligibility for all these other times, I really do see that these sentences are intertwined in some way, and therefore under Rule 35, you know, I won't use the word package deal, but I'm saying there's a due process violation here. I'm going to lump these together and make a certain determination. However, then we would know on what basis he made that determination, and we'd have Alabama factored in. And then we would have the argument where the government might say, well, you can't do that, and you would say, well, you can. We might still have that argument. I'm not sure it would be 100% resolved, but we'd be dealing with one set of facts, it seems. So if we say he's parole eligible as a matter of law, his problem was it was him saying I'm parole eligible, you know, I mean, and with all due respect, that's not very persuasive when you go to the parole board and say, see, the judge wanted me to be parole eligible, and then the parole people say, wait a second, wrong statute. Judge, it wasn't just him saying he's parole eligible. Okay? The sentence said it. The government said it in his direct appeal. I know, but the law said otherwise. You had a collision. Now if we remove the collision. But you're not going to remove the collision because the BOP is going to get it, and they're going to say in 1985 that was not parole eligible. You are not eligible for reduction of one day of that. It's day by day. It's the same thing they told them in 1998 when they sent them a letter. We can word it well enough so that the parole board doesn't thumb its nose at the Ninth Circuit. The law at the time, they're going to go. Well, it does. But I think that here I don't think that we need to get to that point, because I think Judge Carroll had the authority, the district court had the authority to do exactly what it did. The Kennedy-Jordan minor line of cases are not dispositive with respect to this fact circumstance, which is an odd circumstance, as the court has pointed out. They don't cover this situation. This situation is a unique situation, and the sentences are unbundled. The new sentence that Judge Carroll, the district court, imposed is a legal sentence. It's legal in every regard, and it simply made it concurrent with Alabama, which in the process of administering that new sentence recognized that all the things in the Alabama case were really part of this same conspiracy because of looking at the overlapping time frames between. But he didn't do that. He kind of threw up his hands on Alabama. Well, no, no. There was a lot of discussion about Alabama. I mean, we appeared in the court on multiple occasions, October 6th or 16th, 17th, March 15th, April 3rd. I want to say July 12th and July 17th. July 17th, there isn't a lot of discussion about Alabama. It's towards the end where he says something to the effect of. Because no information has been submitted to the court regarding whether a defendant has completed the 20-year sentence imposed in the Alabama case. Well. May I finish? I'm sorry. Defendant's sentence in that case stopped running for a short period because of the civil contempt. And this is on June 7th, 2000. And then he proceeds to do the sentencing like July, a month later. That's where I got the information about Alabama from the judge. Right. And in my excerpts of record, the appellee's supplemental excerpts of record, page 2, there's a letter dated April 13th, 1998. And this was presented to the district court that says, one, two, third paragraph down. And this is to whom and from whom? This is to Mr. Garmany from the U.S. Department of Justice United States Parole Commission. Okay. And it says, in your case, you did receive a violator hearing on your 1975 term. That's the Texas probation violation matter. And that term is over. You failed to apply for a hearing on your 20-year concurrent term, and that's expired. That's referring to the Alabama term, which was concurrent with Texas. So we know, at least as of April 13th, 1998, that the Alabama term was over, and we also know that the parole commission didn't follow the law on giving him a parole hearing on that also. Then it goes on to say that the term you are now serving is a life term with no parole. And if all we do is try to resolve this matter by pushing it back to the district court and saying, well, if you just sentence with parole, we're going to be right back in the same position. The district court followed the law that's permitted. He distinguished the Kennedy-Jordan minor line of cases, which was appropriate, and he unbundled the package. Excuse me? And followed which case? Well, he followed a series of cases. I thought he followed the Seventh Circuit, which has absolutely nothing to do with us. Well, he also referred to a ninth. I mean, we do have the good my good colleague wrote up a very good opinion on one where a judge put everything concurrent and then consecutive, and no one knew what the deal was, and so the judge undid it and said we're not going to have any of this concurrent stuff or consecutive stuff, and we'll just wipe it out, and that's the illegal portion, and therefore it is. If I wipe out the illegal portion here, I wipe out the fact that there is in one of these sentences something that says there's parole ineligible. We totally believed that it was going to be eligible. If I wipe that out, all the rest of the sentences are completely legal. Yeah, but I don't believe that as law existed in 1985 that you can just wipe out that. The Kennedy-Jordan line of cases addresses a circumstance where you have sentences that are in excess. For some reason back in that era, you had people getting a 12-year sentence when there was a statutory maximum five, and et cetera, and they said, geez, you can't do that. You've got two possibilities here. Let me get down to the numbers. Either when he finished his Alabama sentence, he now has parole-eligible sentence under Arizona, and there's some numbers attached to that, and I don't know what they are. That's one possibility. The other possibility is the Alabama sentence should have been, as you say, aggregated with the Arizona sentence, at least even if you aggregate, even if you assume that number one is parole-eligible. It should have been aggregated, and then you end up with some other calculation, in which case maybe he was parole-eligible before he finished serving the Alabama sentence, but of course he had to serve it because they thought he could never get out on parole, right? So that would mean that he would have been parole-eligible sometime before 1998, and I just don't know the answer to that. Right. Well, and again, I guess that's... I'd like to know the answer in order to decide the case. Well, again, I guess that's where I come back to this progress report that says the Bureau of Prisons, with respect to Harold Garmany, inmate number X, is expected to be released January 21, 1996. It's not released and then go start serving something else. That's when he was expected to be released. Well, your time has well expired. Yes, it is. We have the government a few questions. Thank you. Thank you. Thank you, Your Honor. The government understands that this court has questions in its mind that it can't answer, but if the district court had followed the existing Ninth Circuit law and had simply struck the only item that it found to be illegal, the issue of pro-eligibility or non-eligibility, then the parole commission would have done a new computation and the defendant, the government, and this court would have had specific dates, computations for either the defendant or the government to appeal. Do you know the answer? If that, if the count one were struck and he were parole eligible, which would have been after 10 years, correct? I don't know the answer to that, Your Honor. Well, it seems like everything we've read, nothing says otherwise. Correct? Assuming for the most part. Assuming it's 10 years. Assuming that it's 10 years. 10 years. But you also, Your Honor, had the loss of significant good time. You had a period of time where he was under civil contempt order, and so he didn't get credit for those times. Days or something like that. You know, so I believe it was 700. My question is why, if the parole board were given the directive that he was parole eligible on count one, could it make a determination that would be concrete as to what his parole eligibility or his incarceration dates would be for all the sentences? Yes, Your Honor, because it would go back to day one, to the date of sentencing, and it would recalculate. The problem was that the district court never wanted to have that specific answer because he was parole eligible. Mr. Garmini's counsel says that under BOP's own guidelines, as well as the statute we referenced that he was sentenced under subsection A, that in effect the Alabama sentence, you know, gets merged or consolidated with all the others in order to determine what parole eligibility is. Do you have a position on that as a matter of law? Yes, Your Honor. The sentence from Arizona was ordered to be served consecutive to the Alabama sentence. So it would not have been aggregated. The only reason it was aggregated was the defense counsel has misinterpreted this. It was aggregated because the life sentence without the possibility of parole took precedence. So everything else was subsumed under that four-sentencing computation. Were that not the case, then whatever calculation he had for the Alabama sentence would have been done separately, and then his calculation for the Arizona sentences would have begun. And that is the problem here, Your Honor.  It seems to me when you say that because the first sentence was not parole eligible, everything else is subsumed under it, that to me says everything is contingent on what happened in number one. And so the judge should be able to go back and resentence entirely, and that's what he did. Your Honor, that is not what the Kennedy-Jordan line of cases has held in this circuit for many, many years. It's very specific. The law in this circuit is that under the former Rule 35, a district court may only correct that portion of the sentence which it finds to be illegal. The district court here found nothing to be illegal except the parole eligibility. And, in fact, the sentence as handed down was perfectly legal. It was only the expectation of the parole eligibility which made it illegal. So the issue is, does this court require the district court to follow the Ninth Circuit law, or does it allow the district court to ignore and make no findings regarding the Ninth Circuit law, no findings regarding a proper application of the sentence computation or the guidelines, advisory, though they may be, and not even follow the Seventh Circuit law which it purported to follow? My time is up, Your Honor, but for all of the reasons argued, the government would ask for reverso and a specifically limited remand. Thank you. Thank you. This is a very unusual and difficult case. We appreciate the briefing, the argument. We'll go back and look at the various references that you've made today. So I thank both of you. The United States v. Garmany is submitted.
judges: Fletcher, McKeown, Smith